■ PETER MARINO, Respondent, et al., Plaintiffs, v. TISHMAN CONSTRUCTION CORPORATION et al., Appellants.— This action for personal injury was first instituted in the City Court on December 22, 1954 with a demand for damages of $6,000. On February 28, 1957 plaintiff applied to remove the action to the Supreme Court, and for leave to serve a second amended complaint to increase his damage from $6,000 to $50,000. This motion was granted and a second amended complaint seeking $50,000 damages was thereafter served on the defendants. In 1958 when the case was approaching trial plaintiff moved to increase the demand for damage to $250,000. The motion was granted; and it would usually follow that since damages may be demanded in any amount, the discretion of the court to allow the demand to be increased would be sustained. But here an excuse is tendered which we regard as incredible, that the attorney, in preparing the proposed amended complaint in February, 1957 dictated $250,000 to his stenographer, but she understood him to say $50,000. The statement on the opposing affidavits that after the granting of the motion to remove the action to the Supreme Court " a proposed order with notice of settlement was served in which the plaintiff was granted leave to amend the complaint to seek $50,000 " is not denied in the reply affidavit of plaintiff's attorney. A typographical error of this kind purported to be relied upon would be unlikely to be repeated in the proposed order. The nature of excuse tendered for the amendment in our view renders its allowance unwarranted. Order unanimously reversed in the exercise of discretion and the motion denied, with $20 costs. Concur — Breitel, J. P., Frank, Valente, Stevens and Bergan, JJ.